# IN THE COURT OF APPEALS OF IOWA

No. 15-0963
Filed July 9, 2015

**IN THE INTEREST OF T.S.-H.,**
**Minor Child,**

**C.S., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child, born in 2008. **AFFIRMED.**

Cynthia Finley, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jerry Vander Sanden, and Kelly Kaufman, Assistant County Attorney, for appellee State.

Kimberly Opatz of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

A mother appeals the termination of her parental rights to her child, born in 2008. She contends the record lacks clear and convincing evidence to establish the child cannot be returned to her custody. *See* Iowa Code § 232.116(1)(f) (2013). She also contends termination is not in the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

Our de novo review of the record reveals the following facts. The mother has a lengthy and severe history of alcohol abuse, which began at the age of twelve. The Iowa Department of Human Services intervened in 2003 based on concerns about the welfare of the mother's older child. The child was removed and placed in a guardianship with his paternal grandparents.

The child who is the subject of this proceeding was first removed from the mother in 2010, again as a result of the mother's alcohol usage. He remained out of her care for five months. Although the department eventually closed the child-in-need-of-assistance case, the mother's substance abuse did not abate.

In the ensuing years, the State filed two more child-in-need-of-assistance actions. The most recent action resulted in the removal of the child and his placement in foster care, where he remained through the termination hearing a year later.

Meanwhile, the mother entered an *Alford*[1] plea to operating a motor vehicle while intoxicated and being a third offender. The district court revoked

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a prison sentence without admitting participation in the acts constituting the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

the mother's probation on a prior crime, imposed a prison term not exceeding five years, and committed her to the Iowa Correctional Institute for Women.

At the termination hearing, the incarcerated mother was asked whether she could care for the child "at this time." She responded, "Obviously, not being in prison, but outside of prison, yes, I can." She acknowledged it would take "six to eight months" to have the child returned to her care.

The mother's testimony establishes the child could not be returned to her custody and termination was warranted under Iowa Code section 232.116(1)(f). See *In re A.M.*, 843 N.W.2d 100, 110-11 (Iowa 2014) (stating return is as of date of termination hearing).

Termination also was in the child's best interests. *In re P.L.*, 778 N.W.2d at 40. The mother received services to address her addictions for more than a decade. She continued to abuse alcohol and repeatedly compromised the child's safety.

We affirm the termination of the mother's parental rights to her child.

**AFFIRMED.**